# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### EASTERN DIVISION

**PHELIPAE COLEMAN, #79014**                                    **PETITIONER**

**VERSUS**                                    **CIVIL ACTION NO. 4:04cv245TSL-AGN**

**STATE OF MISSISSIPPI and WARDEN STEVEN CROSSON**                **RESPONDENTS**

<u>OPINION AND ORDER</u>

On February 15, 2005, this court ordered the petitioner to complete, sign, and file the proper habeas corpus forms in this action.  In addition, the order directed the petitioner to file a completed <u>in</u> <u>forma</u> <u>pauperis</u> application or pay the required filing fee, within twenty days.  The petitioner failed to comply or attempt to comply with that order.

On April 4, 2005, an order was entered directing the petitioner to show cause in writing, within fifteen days, why this case should not be dismissed for his failure to comply with the court's February 15, 2005, order.  Petitioner was also ordered to comply with the February 15, 2005, order as directed therein.  Although more than fifteen days passed from the entry of that order, the petitioner again failed to comply or to otherwise respond.

On May 6, 2005, the court entered a second order directing the petitioner to show cause in writing, within fifteen days, as to why this case should not be dismissed for his failure to comply with the court's orders of February 15, 2005, and April 4, 2005.  Again, the petitioner was further directed to comply with the orders within fifteen days from the entry of that order.  Although more than fifteen days passed, the petitioner still failed to comply.

According to the court records, petitioner has failed to communicate further with the

court, either to inquire as to the status of his case or to attempt to comply with three court orders. The petitioner's failure to comply with three orders of this court or to otherwise communicate with this court indicates his lack of interest in pursuing this claim. This court has the authority to dismiss an action for the petitioner's failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action sua sponte. See Link v. Wabash Railroad, 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988).

The court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court. Link, supra, 370 U.S. at 630. Since the respondent has not been called upon to respond to the petition, and has never appeared in this action, and since the court has never considered the merits of the petition , the court's order of dismissal should provide that dismissal is without prejudice. Shaw v. Estelle, 542 F.2d 954 (5th Cir. 1976).

THIS, the _____13th_____ day of June, 2005.

_/s/ Tom S. Lee_____
UNITED STATES DISTRICT JUDGE